Defendant Sean David Smith appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which found him to be a sexual predator pursuant to R.C. 2950.09. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED BY CONDUCTING AN ADJUDICATION HEARING TO DETERMINE WHETHER AN OFFENDER IS TO BE FOUND A SEXUAL PREDATOR OR A HABITUAL SEXUAL OFFENDER WHEN SAID ADJUDICATION HEARING WAS NOT CONDUCTED AT THE TIME OF IMPOSITION OF SENTENCE BUT WAS CONDUCTED AFTER THE DEFENDANT-APPELLANT, SEAN DAVID SMITH, HAD BEEN INCARCERATION[SIC] IN EXCESS OF SIXTEEN MONTHS IN THE OHIO PENITENTIARY SYSTEM.
 ASSIGNMENT OF ERROR NO. 2
 THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE FOR THE COURT TO MAKE A FINDING THAT DEFENDANT-APPELLANT, SEAN DAVID SMITH, BE DETERMINED TO BE A SEXUAL PREDATOR.
 ASSIGNMENT OF ERROR NO 3
 THE COMMON PLEAS COURT OF TUSCARAWAS COUNTY FAILED TO COMPLY WITH SECTION 2950.09 (2) [SIC] BY FAILURE TO CONSIDER ALL RELEVANT FACTORS OF THE DEFENDANT-APPELLANT, SEAN DAVID SMITH, IN MAKING THE SEXUAL OFFENDER FINDING.
The record indicates appellant was convicted of one count of attempted sexual imposition in violation of R.C. 2923.02 and R.C. 2907.05, after he pled guilty. Appellant changed his plea to guilty on February 24, 1997. The court set the matter for sentencing on May 27, 1997. The court sentenced appellant to eighteen months of incarceration and ordered a psychological evaluation be performed prior to conveyance. On September 8, 1998, the court found appellant to be a sexual predator subject to the registration requirements of R.C. 2950.03.
 I
In his first assignment of error, appellant argues the trial court lacked jurisdiction to find he was a sexual predator pursuant to statute. R.C. 2950.09(B) provides that if a person is to be sentenced on or after the effective date of the statute for a sexually oriented offense, the judge who is to impose sentence on the offender shall conduct a hearing to determine whether the offender is a sexual predator. The statute further provides the judge shall conduct the hearing prior to sentencing.
Appellant urges the language of the statute imposes a mandatory duty upon the court to conduct a hearing before or at the time of the imposition of sentence. Here, appellant had served sixteen months of his eighteen-month sentence at the time the court conducted the hearing. Appellant urges us to hold the failure of the trial court to conduct the hearing at least by the time of the imposition of sentence divests the court of jurisdiction to conduct the hearing at a later time.
The State points out appellant did not furnish us with a transcript of the hearing which would demonstrate appellant preserved this error by objecting to the proceedings before the trial court. The State also points out appellant is not prejudiced by the court's delay, because he is able to pursue his appeal from the court's finding. We further note that R.C.2950.09 (D)(1) permits a previously adjudicated sexual predator to petition the court to review his case and make a determination regarding whether the offender is still a sexual predator.
The trial court delayed the sexual predator hearing until such time the appellant could complete a mental health evaluation. The appellant had been under mental health treatment prior to the imposition of the sentence. This is presumably beneficial to the appellant's rehabilitation, and this court will not discourage such practice.
We find although the better practice would be to conduct the sexual predator hearing prior to sentencing, nevertheless, failure to do so does not divest the court of jurisdiction to conduct the hearing at a later date.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the court should not have found him to be a sexual predator because the State failed to present sufficient evidence for the court to make such a finding by clear and convincing evidence.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court reviewed Ohio's registration and community notification of the sexual offender statutes. The court in Cook, supra, did not specifically address the standard of review we should apply when considering a claim that a trial court improperly classified an offender as a sexual predator, Cook nevertheless stated the judgment in that particular case was not against the manifest weight of the evidence, Cook at 426. Judgments supported by competent and credible evidence going to each essential element of the case shall not be reversed by a reviewing court as against the manifest weight of the evidence,C.E. Morris Company v. Foley Construction Company (1978),54 Ohio St.2d 279.
R.C. 2950.01 (E) defines a sexual predator as a person who had been convicted of or pled guilty to committing a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09 sets forth the factors the court is to consider when determining whether a person should be classified as a sexual predator. Those factors include:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court found appellant was convicted of attempted gross sexual imposition, and reviewed the court's "Exhibit A", a psychological evaluation of the appellant dated August 4, 1997. The eight page report details the evaluation the examiner made, and recommends appellant receive ongoing assessment and treatment to address his pedophiliac tendencies.
The trial court found based upon the evidence before it, that appellant is likely to engage in the future in one or more sexually oriented offenses. Our review of the record leads us to conclude the court's findings are not against the manifest weight of the evidence.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant combines I andII, supra, and argues the court failed to consider all the relevant factors contained with the statute in a timely and prompt manner, thereby violating the legislative intent as enunciated by the statute and construed by the Ohio Supreme Court in Cook, supra. For the reasons stated in I and II,supra, we reject this argument.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
----------------------------
----------------------------
 ---------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs to appellant.
----------------------------
----------------------------
 ---------------------------- JUDGES